**` IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **ROBERT J. CHAPUT** | ) | **Bankr. No. 1:14-bk-10003** |
| **Debtor,** | ) | |
| | ) | **Civil No. 3:17-cv-0031** |
| | ) | |
| **SUZETTE KING** | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ROBERT J. CHAPUT,** | ) | |
| **Appellee.** | ) | |
| | ) | |

**JUDGMENT**

**THIS MATTER** is before the Court on Appellant Suzette King's ("King") notice of appeal from bankruptcy court, ECF No. 1. For the reasons set forth below, King's appeal shall be dismissed.

On April 21, 2017, King filed her instant notice of appeal. Though the precise grounds for appeal are unclear, it appears that King asserts that she had invested $54,000.00 with debtor Robert Chaput ("Chaput") for renovations to #61 St. Georges in exchange for living on property rent-free, then was later evicted following foreclosure on Chaput's property. *See generally* ECF No. 1. King appeals the denial of her proof of claim on Chaput's bankruptcy estate related to this incident. *Id.*

On May 4, 2017, the Court entered a scheduling order, ordering, *inter alia*, that King "shall, not later than ten (10) days after filing the Notice of Appeal, file and serve on the Clerk and other parties the designation of record and a statement of the issues to be presented, failing which the appeal may be dismissed for failure to prosecute… ." ECF No. 2, at 1. King did not file her statement of issues within ten days, instead filing an "amended" statement of issues on May 16, 2017. ECF No. 6. Moreover, the record indicates that Chaput was never served with the statement of issues.

The Court further ordered that King's "brief shall be filed and served within 30 days of the designation of record on appeal… ." ECF No. 2, at 2. In the time since, King has not filed any brief. Instead, King filed a flurry of documents between May 16, 2017 and May 26, 2017, including a motion for leave to appeal (ECF No. 8) and a motion for correction accompanied by news articles and various previous filings (ECF No. 12). Following the May 26, 2017 filing, King has taken no steps to further her claim, including failing to file her appellate brief or serve Chaput as ordered.

As a preliminary matter, this Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a). The Court has plenary authority to review the bankruptcy court's legal rulings but cannot disturb its factual findings unless it committed clear error. *See In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005).

In the underlying bankruptcy case, the bankruptcy court found that, while King had submitted evidence that she spent in excess of $50,000.00 on repairs to the property in question, there is no evidence of a written agreement giving her an equity interest in the property, which is required by Virgin Islands law. *In re Chaput*, Case No. 1:14-bk-10003-MFW, ECF No. 318, at 1 (D.V.I. Feb. 13, 2017). The bankruptcy court further found that King lived rent-free at the property, which had a fair rental value of $750.00 per month, and thus found that claims for repairs were offset by the debtor's claim for rent. *Id.*

Here, the bankruptcy court made no error of law. Indeed, the Virgin Islands statute of frauds clearly states that no creation or transfer of interest in real property is valid without a written instrument signed by the person transferring or surrendering said interest. 28 V.I.C. § 241. Moreover, the Court finds no clear error in the bankruptcy court's findings of fact: specifically, that there is no evidence of a written agreement giving King an equity interest in the property, and that the fair rental value of King's tenancy offset the cost of her repairs.

"Summary action is appropriate if there is no substantial question presented in the appeal." *In re Goforth*, 532 F. App'x 98, 100 (3d Cir. 2013) (citing 3rd Cir. LAR 27.4). By failing to abide by the Court's scheduling order and file a brief, or any legal argument whatsoever in the more than four years that this appeal has been pending, the Court finds that King has

failed to raise any substantial question in her appeal. Therefore, the Court will summarily affirm the bankruptcy court's order. Accordingly, it is hereby

**ORDERED** that the order of the bankruptcy court is **SUMMARILY AFFIRMED.** It is further

**ORDERED** that all pending motions are **MOOT.** And it is further

**ORDERED** that the Clerk of Court shall **CLOSE THIS CASE.**

**DATED:** September 29, 2021

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**